RECEIVED
IN LAKE CHARLES, LA.

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

MAY 29 2012

TONY R. MOORE, CLERK
BY _____
                    DEPUTY

**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **PATRICIA ANN GALENTINE** | : | **DOCKET NO. 2:08 CV 1543** |
| **VS.** | : | **JUDGE MINALDI** |
| **MICHAEL J. ASTRUE,** **COMMISSIONER OF SOCIAL** **SECURITY** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

The petitioner, Patricia Ann Galentine ("Galentine"), seeks judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying her supplemental security income benefits. The petitioner filed a brief in support of her motion. (Rec. Doc. 13). The Commissioner filed an opposition. (Rec. Doc. 14). The petitioner filed a reply brief. (Rec. Doc. 15).

PROCEDURAL HISTORY

Galentine filed her application for Title XVI SSI benefits alleging that she became unable to work on September 1, 2001 (Tr. 116) due to depression and poor motor skills. (Tr. 116-118, 129). The application was denied on May 8, 2002 following a claimant conference. (Tr. 53, 69-72,162). A request for a hearing before an Administrative Law Judge (ALJ) was timely submitted on June 4, 2002 .(Tr. 73). Then, by notice dated June 9, 2003, the administrative hearing was scheduled for July 15, 2003. (Tr. 77-82).

Galentine appeared and testified at a hearing held on July 15, 2003,[1] represented by Attorney

---

[1] The administrative record does not include a transcript of the oral hearing conducted on July 15, 2003.

Larry E. Pichon ("Pichon").  (Tr. 57).

ALJ Emery D. Curlee further noted that a supplemental hearing was held on January 13, 2004[2] with the claimant, a medical expert and a VE testifying (Tr. 57).[3] On April 28, 2004 the ALJ issued a Notice of Decision-Unfavorable (Tr. 54-68). That decision found that Galentine had not been under a "disability" as defined in the Social Security Act, at any time through the date of the decision. (Tr. 65).

Pichon filed an appeal of the administrative decision dated May 30, 2004. (Tr. 104). While this appeal was pending with the Appeals Council Galentine filed a new claim for disability benefits on March 1, 2005. (Tr. 112). On March 30, 2005 Galentine released attorney Pichon as her representative. (Tr. 35-39).

On June 9, 2005 the Social Security Administration made a favorable initial determination on Galentine's new claim. (Tr. 112). Nearly a year thereafter the Appeals Council issued a notice of action on May 19, 2006. (Tr. 105-109). In that notice the Appeals Council indicated it was granting Galentine's request for review of the ALJ decision dated April 28, 2004 but also reopening the favorable determination dated June 9, 2005 on the new claim. By order dated August 22, 2006 the Appeals Council set aside the ALJ decision, combined the two claims and sent them back to an ALJ for more action and a new decision. (Tr. 111-114).[4] On remand, the ALJ was instructed to obtain

---

[2] The administrative record does not include a complete transcript of the supplemental hearing held on January 13, 2004 (Tr. 312-321).

[3] The petitioner asserts that there is no indication or evidence that a medical expert was present despite the statement by the ALJ that Gaylon Bates, M.D. was present.

[4] The petitioner further asserts that, despite the combining of the two claims by the Appeals Council,  the administrative record certified and filed by the Commissioner does not include a single document related to the new claim filed on March 1, 2005.

additional evidence regarding the petitioner's mental impairments and investigate the petitioner's earnings of $7,780 in 2005. (Tr. 113).

An administrative hearing was scheduled for January 29, 2008. (Tr. 26-34). Appearing and testifying were Galentine, VE Tom King and Galentine's nurse aunt, Tracy Washington. (Tr. 322-355). Galentine was without the assistance of an attorney or other representative at this hearing. (Tr. 14). On February 14, 2008 ALJ Gary Suttles issued a Notice of Decision-Unfavorable. (Tr. 11-25). That decision was timely appealed to the Appeals Council on March 3, 2008. (Tr. 9-10).

The Appeals Council concluded on September 8, 2008 that there was no reason under its rules to review the ALJ decision and therefore, denied Galentine's request for review. (Tr. 6-8). The final decision of the Commissioner, including the Appeals Council's denial of Galentine's request for review, is now before this court for review.

## FACTS

Patricia Ann Galentine was born February 14, 1966 and was forty-one years of age when she appeared before the ALJ on January 29, 2009 (Tr. 116, 328). She completed the 12th grade and a beauty school course (Tr. 135, 347). She has past relevant work experience as a cosmetologist (Tr. 164). While she has also worked as a slot attendant the administrative record does not show that she performed this work for a significant period of time (Tr. 164).

Galentine alleges she became unable to work on September 1, 2001 (Tr. 116). The record before the ALJ included Galentine's testimony (Tr. 327-351), testimony by her aunt, nurse Tracy Washington (Tr. 351-352), testimony by the VE (Tr. 352-354) and the exhibits, 1A through 11F, made a part of the record on January 29,2008 (Tr. 327).

3

Medical exhibits included the following: Records from Dr. K.G. Yadalam, board certified in both Psychiatry and Neurology, which include treatment and observation notes from October 12, 1998 through January 21, 2003. (Tr. 206-217). Records of hospitalization from Christus St. Patrick Hospital (Tr. 218-256) and Lake Charles Memorial Hospital (Tr. 257-296) covering the period from August 21, 2001 to September 9, 2002 and from August 13, 2002 to August 16, 2002, respectively. In August and September of 2001 Galentine received treatment from Dr. Fayez K. Shamieh (Tr. 167-171) and from the Institute for Neuropsychiatry. (Tr. 172-176).

At the request of Disability Determinations Services, Dr. Charles M. Robertson performed a consultative psychological evaluation on April 4, 2002. (Tr. 177-179). His Axis I diagnosis was major depression. (Tr. 179). The record contains a second psychological evaluation performed on January 28, 2003 by Lawrence S. Dilks, Ph. D.. (Tr. 199- 204). His Axis I diagnosis was major depression, recurrent, partial remission, marital discord. (Tr. 202). His administration of the WAIS-III provided a verbal IQ of 73. (Tr. 201). Because of Galentine's complaints of limited left hand mobility, the performance section of the WAIS-III was not administered by Dr. Dilks. (Tr. 201). A medical source statement of ability to do work-related activities (mental) appears in the record but it is not identified as being related to Galentine. (Tr. 203-204).  A third consultative psychological evaluation was requested by Disability Determinations Services and conducted by G. Jon Haag, Psy. D., on August 3, 2007. (Tr. 306-312). The Axis I diagnosis was major depressive disorder, recurrent, in remission. (Tr. 307).  While he claimed to find no limitation, Dr. Haag was not willing to assert that Galentine had no neuropsychological "problems related to claimed CVA." (Tr. 307, 309-311). The records covering Galentine's most recent observation and treatment were secured from neurologist, Reynard C. Odenheimer for the period from September 17, 2002 through February 20,

4

2003. (Tr. 297-305).

## STANDARD OF REVIEW

This court reviews the Commissioner's denial of social security benefits only to ascertain (1) whether the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence.[5] Substantial evidence is that which a reasonable mind might accept to support a conclusion.[6] "It is more than a mere scintilla and less than a preponderance."[7] When we apply the substantial evidence standard, "we scrutinize the record to determine whether such evidence is present.   We may not reweigh the evidence, try the issues *de novo,* or substitute our judgment" for that of the Commissioner.[8]

In order to be eligible for disability benefits, the claimant must prove that she has a medically determinable physical or mental impairment, or combination of impairments, lasting at least twelve months that prevent her from engaging in a substantial gainful activity.[9]  Substantial gainful activity is defined as work involving significant physical or mental abilities that is usually done for pay or profit.[10]

The ALJ engages in a five-step sequential evaluation process for determining whether an

---

[5] *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir.2000).

[6] *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

[7] *Ripley v. Chater,* 67 F.3d 552, 555 (5th Cir.1995) (internal quotation marks omitted).

[8] *Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir.1994) (citation omitted), *cert. denied,* 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995); *see Newton,* 209 F.3d at 452.

[9] 42 U.S.C. § 423(d)(1)(A).

[10] 20 C.F.R. § 404.1572(a) and (b).

individual is disabled: (1) whether the claimant is presently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment, as defined by regulations; (3) whether the claimant's impairment or combination of impairments meets the criteria of an impairment listed in Appendix 1 of the regulations; (4) whether the impairment prevents the claimant from doing her past relevant work; and (5) whether the impairment prevents the claimant from doing any other work.[11]

The claimant bears the burden of proof on the first four steps and then the burden shifts to the Commissioner for the fifth step. If the claimant shows she is no longer capable of performing her previous jobs, the Commissioner must show that the claimant is capable of engaging in some type of alternative work that exists in the national economy.[12]

LAW

In her brief, Galentine raises two claims of error: (1) that she did not validly waive her right to representation at the January 29, 2008, administrative hearing; and (2) that the administrative record is incomplete.

A claimant at a Social Security benefits hearing has a statutory right to counsel. 42 U.S.C. § 406; *Clark v. Schweiker,* 652 F.2d 399, 403 (5th Cir. Unit B July 1981). The claimant must be notified of this right. *Clark,* 652 F.2d at 403. Galentine appeared without representation at the hearing conducted on January 29, 2008. The notice of hearing she received prior to the hearing stated the following:

If you want to have a representative, please get one right away. You should show this

---

[11]  *Id.* § 404.1520(a).

[12]  *Chaparro v. Bowen*, 815 F.2d 1008, 1010 (5th Cir.1987)

notice to anyone you may appoint. You or that person should also call this office to give us his or her name, address, and telephone number.

(Tr. 28). Galentine argues that this notice from the Commissioner is defective as it does not inform the claimant of the right to be represented by an attorney at the administrative hearing.

In the February 14, 2008 decision, the ALJ stated:

Although informed of the right to representation, the claimant chose to appear and testify without the assistance of an attorney or other representative.

(Tr. 14). Galentine asserts that the record is void of any evidence in support of this statement.

At the hearing conducted on January 29, 2008 the ALJ began his examination of Galentine with the following:

**Q:** Okay, I'm going to ask you some questions first, Ms. Galentine and then I'll ask your aunt some questions as well. And just for the record I see you completed a – you're going to represent yourself in the matter and you've executed a waiver of your intent to obtain any counsel. Is that right?

**A:** Yes, sir.

(Tr. 328). Galentine argues that the administrative record does not contain any waiver executed by Galentine, therefore, the ALJ's statement regarding Galentine being "informed of the right representation" is without any support in the record.

Galentine relies upon *Freeman-Park v. Barnhart*, 435 F. Supp. 2d 597 (E.D. Tex 2006) which held that

To ensure a claimant receives adequate notice to effect a valid waiver of right to counsel, an ALJ must apprise a claimant of (a) how an attorney can assist claimant in the hearing; (b) sources of free counsel and possibility of contingency arrangements; and (c) limitation of attorney fees to twenty-five percent of past due benefits. *Id.* (citing *Clark v. Schweiker*, 652 F.2d 399, 403 (5th Cir.1981)). After giving a claimant written notice prior to the hearing, "[t]he ALJ should then provide *oral notification* at the hearing to ensure that a claimant who appears *pro se* at a hearing has been made *aware* of the options for obtaining counsel so that her or his

7

waiver is *knowingly and intelligently effected.*" *Id.* at 621 (citing *Frank v. Chater,* 924 F.Supp. 416, 426 (E.D.N.Y.1996)) (emphasis added). Additionally, at the hearing the ALJ should ascertain whether claimant had a "meaningful opportunity to secure counsel and, if not, consider adjourning the hearing to provide that opportunity." *Id.* (citing *Frank,* 924 F.Supp. at 426).

*Freeman-Park v. Barnhart,* 435 F.Supp.2d 597, 601 (E.D.Tex.,2006).

The Commissioner argues that the petitioner's position ignores the fundamental issue that she is not in a position to claim inadequate notice of her right to counsel when in the course of this case, she obtained counsel, appeared at administrative hearings with counsel, and subsequently terminated the counsel's services prior to the hearing in question (Tr. 38-39, 51). Nor does Galentine address whether her March 30, 2005, letter to the Agency that she had terminated her counsel constitutes documentation of waiver by itself (Tr. 38-39). The Commissioner asserts that the petitioner's own conduct in this case constitutes an admission of notice and renders her procedural arguments moot.

Although *Freeman-Park v. Barnhart* can be distinguished, as the petitioner in that case had not been represented by counsel through a portion of the proceeding as Galentine had, there is no jurisprudence that supports the Commissioner's theory that Galentine's own conduct in this case constitutes an admission of notice. The ALJ did not apprise Galentine of how an attorney could assist her in the hearing; of sources of free counsel and possibility of contingency arrangements; noR did he advise Galentine of the limitation of attorney fees to twenty-five percent of past due benefits. Accordingly, a valid waiver of counsel was never perfected and Galentine did not validly consent to proceed without counsel.

Galentine did not knowingly and intelligently waive her right to counsel at the hearing and she argues that she was prejudiced as a result. She contends that he was prejudiced because the ALJ

8

failed to develop the record adequately and failed to consider properly the opinion of plaintiff's treating physician.  Because the court has found that she did not waive counsel, the court need not address this argument.  The Commissioner should address this issue on remand.

CONCLUSION

For the reasons set forth herein, the Commissioner's administrative decision will be reversed and remanded to the Secretary for further proceedings consistent herewith.

Lake Charles, Louisiana, this ⟨28⟩ day of May, 2012.


PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE